**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUBEN RODRIGUEZ,** ***individually and on behalf of all others similarly situated***<br>1167 Chase Street<br>Camden, NJ 08104 | CIVIL ACTION NO. 1:25-cv-15312-CPO-AMD |
| **Plaintiff,** | |
| **v.** | ***JURY TRIAL DEMANDED*** |
| **PUBLIX SECURITY FIRST LLC**<br>6061 Pine Street<br>Philadelphia, PA 19143, | |
| **MAINLINE SECURITY ML6 LLC**<br>6061 Pine Street<br>Philadelphia, PA 19143, | |
| **and** | |
| **RONALD ARCHER**<br>6061 Pine Street<br>Philadelphia, PA 19143 | |
| **Defendants.** | |

## AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Ruben Rodriguez ("Plaintiff") hereby brings this action against Defendant Publix Security First LLC, Defendant MainLine Security ML6 LLC, and Defendant Ronald Archer (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Amended Complaint contending that Defendants unlawfully failed to pay him and other similarly-situated individual employed in the position of Security

Guard or in positions with similar job duties overtime compensation owed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* as well as minimum wages and overtime compensation owed pursuant to the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

2. Defendants unlawfully misclassified Plaintiff and other similarly-situated employees as independent contractors, but they were actually employees pursuant to the FLSA and NJWHL.

3. Further, Plaintiff and other similarly-situated employees regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that they were not paid the New Jersey minimum wages for any of their work and were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4. Accordingly, Plaintiff contends that he and other similarly-situated employees are owed unpaid wages and overtime compensation which were denied them as a result of Defendants' unlawful misclassification and pay practices.

5. Plaintiff brings this action as a representative action under the FLSA and NJWHL for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

7. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

9. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as Defendants do business herein and the unlawful practices of which Plaintiff is complaining were committed herein.

**PARTIES**

10. Plaintiff Ruben Rodriguez currently resides at 1167 Chase Street, Camden, NJ 08104 and was formerly employed by Defendant Publix Security First LLC as a Security Guard.

11. Upon information and belief, Defendant Publix Security First LLC ("Publix") is a for-profit company formed in Delaware, that does business in New Jersey and maintains a principal place of business located at 6061 Pine Street, Philadelphia, PA 19143.

12. Upon information and belief, Defendant MainLine Security ML6 LLC ("MainLine") is a for-profit company formed in Pennsylvania, that does business in New Jersey and also maintains a principal place of business located at 6061 Pine Street, Philadelphia, PA 19143.

13. Upon information and belief, Defendant Ronald Archer is the owner and principal of both Defendant Publix and Defendant MainLine.

14. Upon information and belief, Defendant Publix performed business functions and provided security services at various locations and/or jobsites throughout New Jersey, Pennsylvania, and Delaware.

15. Upon information and belief, in or around 2025, Defendants shifted their business operations from Publix to MainLine.

16. Upon information and belief, Defendant MainLine is a continuation of Defendant Publix in that Defendant MainLine assumed Defendant Publix's ownership, management, personnel, and business operations.

17. Accordingly, upon information and belief, Defendant MainLine is the successor entity to Defendant Publix .

18. Upon information and belief, Defendant Publix and Defendant MainLine, in the past 3 years, has had annual dollar volume of sales or business done of at least $500,000, and employed multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

19. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

20. Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

22. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Security Guard, or in positions with substantially similar job duties, who worked

for Defendants at any point in the past three (3) years, who were paid on a hourly basis and denied overtime compensation for all hours worked over forty (40) in a workweek ("FLSA Class Plaintiffs"). Plaintiff contends that he and the FLSA Class Plaintiffs were denied overtime compensation and wages due to Defendants' policy and practice of misclassifying its Security Guards as independent contractors under the FLSA.

23. Plaintiff estimates that there are in excess of forty (40) other similarly situated Security Guards who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described herein. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and/or personnel records. The FLSA Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

24. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the FLSA Class Plaintiffs are similarly-situated. Plaintiff and the FLSA Class Plaintiffs were similarly denied or overtime compensation at their regular rate of pay as a result of Defendants' misclassification of them as independent contractors, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants has failed to pay the FLSA Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted the FLSA Class Plaintiffs in the same fashion.

25. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## NJWHL CLASS ACTION ALLEGATIONS

26. Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

27. Plaintiff brings this action individually, and on behalf of the following statewide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants at any point during the past six (6) years in the position of Security Guard or in positions with similar job duties who were paid on an hourly basis and were denied minimum wage for all hours worked and/or overtime compensation for work performed in excess of forty (40) hours in a workweek ("NJ Class Plaintiffs").

28. The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail.

29. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the NJ Class Plaintiffs, including but not limited to:

a. Whether Defendants improperly classified Plaintiff and the NJ Class Plaintiffs as independent contractors rather than employees under the NJWHL;

b. Whether Plaintiff and the NJ Class Plaintiffs are entitled to minimum wage and overtime compensation pursuant to the NJWHL;

c. Whether Defendants failed to pay Plaintiff and the NJ Class Plaintiffs minimum wages and overtime compensation owed pursuant to the NJWHL;

d. Whether Plaintiff and the NJ Class Plaintiffs were based in New Jersey for purposes of coverage under the NJWHL;

e. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

f. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount.

30. Plaintiff's claims are typical of the claims of the NJ Class members. Plaintiff was an employee of Defendants employed in the positions of Security Guard who has suffered similar injuries as those suffered by the NJ Class Plaintiffs as a result of Defendants' failure to pay minimum wages and overtime compensation. Defendant's conduct of violating the NJWHL has affected Plaintiff and NJ Class Plaintiffs in the exact same way.

31. Plaintiff will fairly and adequately represent and protect the interests of the NJ Class Plaintiffs. Plaintiff is similarly situated to the NJ Class Plaintiffs and has no conflict with the NJ Class members.

32. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

33. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

a. The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants;

b. Defendants, by failing to pay minimum wages and/or overtime compensation in violation of the NJWHL, have acted or refused to act on grounds generally applicable to the NJ Class Plaintiffs, thereby making equitable relief appropriate with respect to the Class as a whole; and

c. The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

34. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of each member of the NJ Class Plaintiffs to protect his or her interests.

## FACTUAL BACKGROUND

35. Paragraphs 1 through 34 are hereby incorporated by reference as though the same were fully set forth at length herein.

36. Defendants are in the business of providing security services to retail stores in New Jersey, Pennsylvania, and Delaware.

37. To provide these services, Defendants employ Security Guards and assign them to work at the stores of Defendants' clients.

38. Plaintiff worked for Defendants as a Security Guard from approximately mid-2023 until March 2025.

39. Defendants assigned Plaintiff to work at the Save A Lot grocery store located at 2881 Mt Ephraim Ave, Camden, NJ 08104.

40. Plaintiff worked an approximate average of forty-four hours per workweek throughout his employment with Defendants.

41. Plaintiff worked full-time and exclusively for Defendants, and Defendants set Plaintiff's schedule and hours.

42. Upon information and belief, Defendants likewise set the schedule and hours of the NJ Class Plaintiffs and FLSA Class Plaintiffs.

43. Plaintiff, NJ Class Plaintiffs, and FLSA Class Plaintiffs performed their work according to Defendants' policies and instructions, and Defendants maintained significant control over their work.

44. Plaintiff and, upon information and belief, NJ Class Plaintiffs and FLSA Class Plaintiffs, did not work for Defendants for a single, finite contract; rather, they were employed indefinitely on an at-will basis.

45. The work that Plaintiff, NJ Class Plaintiffs, and FLSA Class Plaintiffs performed for Defendants as Security Guards was directly related and integral to Defendants' business of providing security services to retail clients.

46. Accordingly, Plaintiff, NJ Class Plaintiffs, and FLSA Class Plaintiffs were employees of Defendants within the meaning of the NJWHL and FLSA.

47. Defendants, however, improperly classified Plaintiff and NJ Class Plaintiffs, and FLSA Class Plaintiffs as 1099 independent contractors.

48. Further, and as a result of the misclassification, Defendants failed to pay Plaintiff and NJ Class Plaintiffs minimum wages for their work.

49. Defendants paid Plaintiff and, upon information and belief, NJ Class Plaintiffs on an hourly basis at a rate of $10.75 per hour.

50. However, since January 1, 2020, the minimum wage in New Jersey has been at least $11 per hour.

51. Upon information and belief, Defendants are not a "small employer" within the meaning of the NJWHL; regardless, the minimum wage for small employers in New Jersey has been at least $11.10 per hour since January 1, 2021.

52. Defendants have violated the NJWHL by failing to pay Plaintiff and the NJ Class Plaintiffs minimum wages for their work as required by the NJWHL.

53. Defendants also failed to pay Plaintiff as well as NJ Class Plaintiffs and FLSA Class Plaintiffs overtime compensation as required by the NJWHL and FLSA.

54. As noted, Plaintiff regularly worked more than forty (40) hours per work week during his employment with Defendants.

55. For example, during the workweek of January 12, 2025 to January 18, 2025, Plaintiff performed approximately 50.52 hours of work for Defendants.

56. However, Defendants failed to pay Plaintiff an overtime premium for the 10.52 hours of overtime he worked; instead, Defendants only paid Plaintiff a flat-rate of $10.75 for each hour worked, even those over forty (40).

57. Upon information and belief, NJ Class Plaintiffs and FLSA Class Plaintiffs also routinely worked more than forty (40) hours per week and too were denied proper overtime compensation for this work.

58. Plaintiff and Class Plaintiffs are/were paid on an hourly basis and do not qualify for any exemptions from the overtime and minimum wage requirements of the FLSA and NJWHL.

59. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and NJWHL, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

60. As a result of Defendant's aforesaid illegal and willful actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

61. Paragraphs 1 through 60 are hereby incorporated by reference as though the same were fully set forth at length herein.

62. The FLSA requires employers pay employees overtime compensation equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of forty (40) hours per work week.

63. Plaintiff and FLSA Class Plaintiffs were employees within the meaning of the FLSA and therefore entitled to overtime compensation equal to 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours per work week.

64. Plaintiff and FLSA Class Plaintiffs regularly worked over forty (40) hours per week but Defendants failed to pay them overtime compensation.

65. The foregoing actions of Defendants and the policies and practices of Defendants violated the FLSA.

66. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

67. Defendants are liable to Plaintiff and the FLSA Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and the FLSA Class Plaintiffs;

a. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants at any point during the past three (3) years in the position of Security Guard or in positions with substantially similar job duties and who were denied overtime compensation for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

c. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

d. Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and FLSA Class Plaintiffs for work performed in excess of forty (40) hours per week;

e. Awarding Plaintiff and FLSA Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

f. Awarding Plaintiff and FLSA Class Plaintiffs liquidated damages in accordance with the FLSA;

g. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

h. Awarding pre- and post-judgment interest and court costs as further allowed by law;

i. Granting Plaintiff and the FLSA Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

j. For all additional general and equitable relief to which Plaintiff and the FLSA Class Plaintiffs may be entitled.

**COUNT II**
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. § 34:11-56a, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**

68. Paragraphs 1 through 67 are hereby incorporated by reference as though the same were fully set forth at length herein.

69. The NJWHL provides that an employer must pay certain minimum wages, including overtime wages, to its employees.

70. Specifically, employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek.

71. Plaintiff and NJ Class Plaintiffs were employees within the meaning of the NJWHL and therefore entitled to overtime compensation as required by the NJWHL.

72. Plaintiff and NJ Class Plaintiffs regularly worked over forty (40) hours per week but Defendants failed to pay them overtime compensation.

73. By their actions alleged above, Defendants have violated the provisions of the NJWHL by failing to properly pay overtime compensation to Plaintiff and NJ Class Plaintiffs.

74. As a result of Defendants' unlawful acts, Plaintiff and the NJ Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiff, on behalf of himself and the NJ Class Plaintiffs, prays for judgment against Defendants as follows:

a. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

b. An award to Plaintiff and the NJ Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the NJ Class Plaintiffs of 200% liquidated damages in accordance with the NJWHL;

d. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the New Jersey Wage and Hour Law; and

e. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

**COUNT III**
**NEW JERSEY WAGE AND HOUR LAW**
**N.J.S.A. § 34:11-56a, *et seq.***
**FAILURE TO PAY MINIMUM WAGE**

75. Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76. The NJWHL provides that an employer must pay certain minimum wages to its employees.

77. By their actions alleged above, Defendants have violated the provisions of the NJWHL by failing to properly pay minimum wage to Plaintiff and NJ Class Plaintiffs.

78. As a result of Defendant's unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of minimum wage in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiff, on behalf of himself and the NJ Class Plaintiffs, prays for judgment against Defendants as follows:

a. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

b. An award to Plaintiff and the NJ Class Plaintiffs for the amount of unpaid minimum wage to which they are/were entitled, including interest thereon, and penalties subject to proof;

c. An award to Plaintiff and the NJ Class Plaintiffs of 200% liquidated damages in accordance with the NJWHL;

d. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs pursuant to the New Jersey Wage and Hour Law; and

e. An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

## JURY DEMAND

**Plaintiff hereby demands a trial by jury as to all issues so triable**.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: /s/ Jake Daniel Novelli, Esq.
Jake Daniel Novelli, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
jnovelli@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: June 9, 2026

**DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.